UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 
UNITED STATES OF AMERICA,
 
     -v-                                                    21 Cr. 40 (JPC)

                                                       ORDER

RAUL GUTIERREZ-CAMPOS,

              Defendant.

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On April 16, 2021, Defendant Raul Gutierrez-Campos filed a motion to dismiss the Information by collaterally challenging the validity of the underlying removal order in his July 2000 immigration court proceeding pursuant to 8 U.S.C. § 1326(d). Dkts. 19-20. On November 4, 2021, the Court held oral arguments on Defendant's motion. During oral arguments, Defendant stated that "the district courts are unanimous that *Copeland*[1] . . . compels the conclusion that voluntary departure should be treated the same way" as cases concerning section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Nov. 4, 2021 Tr. at 9. Moreover, Defendant argued that when an immigration judge makes an error and the noncitizen waives the right to appeal, a constitutional exception to the requirements of section 1326(d) applies when the error "would have changed the outcome of the proceeding." *Id.* at 10.

      It is hereby ORDERED that, by December 14, 2021, the parties shall advise the Court, in a letter brief of no more than five pages, their views as to the following:

- Assuming *arguendo* that the Second Circuit decisions in the section 212(c) context remain good case law after the Supreme Court's decision in *United States v. Palomar-Santiago*, 141 S.Ct. 1615 (2021), whether the Second Circuit's analysis

---

[1] *United States v. Copeland*, 376 F.3d 61 (2d Cir. 2004).

in these cases should apply to the voluntary departure context.

- Under Defendant's theory, whether there ever would be a situation where the immigration judge's failure to inform the noncitizen about his or her eligibility for immigration relief satisfies the requirements under section 1326(d)(3), yet the noncitizen's failure to exhaust administrative remedies under section 1326(d)(1) would not be excused.

SO ORDERED.

Dated: November 30, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge